IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| DEMETRIUS D. MILLER, JR., ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | Case No. CIV-20-00269-JD |
| ) | |
| SCOTT CROW, Director of the Oklahoma ) | |
| Department of Corrections, ) | |
| ) | |
| Respondent. ) | |

## ORDER

Before the Court for review is the Report and Recommendation [Doc. No. 6] issued by United States Magistrate Judge Shon T. Erwin on May 6, 2020, under 28 U.S.C. § 636(b)(1)(B).[1] Judge Erwin recommends that Petitioner Demetrius D. Miller, Jr.'s ("Mr. Miller") Petition for Writ of Habeas Corpus under 28 U.S.C. § 2254 [Doc. No. 1] be dismissed as untimely. [Doc. No. 6 at 8].

Judge Erwin advised Mr. Miller of his right to object to the Report and Recommendation by May 26, 2020. Mr. Miller timely objected on May 21, 2020. [Doc.

---

[1] Judge Erwin substituted Raymond Byrd, the Warden of Cimarron Correctional Facility, as the respondent in place of the State of Oklahoma, which Mr. Miller named as the respondent in his petition. [Doc. No. 6 at 1 n.1]. The habeas petition [Doc. No. 1] and the change of address [Doc. No. 9] indicate Mr. Miller currently is at Lawton Correctional Facility, which is a private facility, meaning that Scott Crow, Director of the Oklahoma Department of Corrections is the properly named respondent under 28 U.S.C. § 2242 and Rule 2(a). *See* Rule 2(a) of the Rules Governing Section 2254 Cases in the United States District Courts ("If the petitioner is currently in custody under a state-court judgment, the petition *must* name as respondent *the state officer* who has custody.") (emphasis added). The Court thus substitutes Mr. Crow as the respondent in this action. *See* 28 U.S.C. § 2242; Fed. R. Civ. P. 17(d), 25(d), 81(a)(4).

No. 7]. Mr. Miller also sent letters on July 24, 2020, and September 11, 2020. [Doc. Nos. 8, 10].[2]

Having carefully and thoroughly reviewed the petition, Report and Recommendation, objection, and letters [Doc. Nos. 1, 6, 7, 8, and 10] and having considered this matter *de novo* in accordance with 28 U.S.C. § 636(b)(1), for the reasons stated below, the Court:

(1)   ACCEPTS the Report and Recommendation [Doc. No. 6] issued by Judge Erwin; and

(2)   DISMISSES Mr. Miller's action as untimely.

I. **Background**

On June 12, 2014, Mr. Miller was sentenced pursuant to a guilty plea on six charges in Comanche County District Court, Oklahoma. [Doc. No. 1 ¶ 5]. He did not appeal the judgment of conviction. [*Id*. ¶ 8]. On November 24, 2015, Mr. Miller filed an Application for Post-Conviction Relief in the Comanche County District Court based on the plea being "[i]nvoluntary due to threats, coercion of the court appointed attorney," and that application was denied. [*Id*. ¶¶ 11(a), 11(c)(7)]. Mr. Miller filed this habeas

---

[2] Mr. Miller's first letter sought a status update on his habeas action. [Doc. No. 8]. He submitted his second letter on the same date as his change of address [Doc. No. 9] noting that he moved facilities and was waiting on his property (including his legal mail) to be received at that facility [Doc. No. 10 at 1]. The attachments reflect that Mr. Miller received a response that his property had not been sorted and would be retrieved soon. [Doc. No. 10-1 at 1]. The attachments indicate that Mr. Miller does not have a grievance pending or a lawsuit pending relating to these issues. [Doc. Nos. 10-1 at 1–3]. Although the Court has reviewed all of Mr. Miller's submissions, these letters do not relate to the pending issue before the Court, other than to note his current facility. *See* Footnote 1.

petition on March 25, 2020. [*Id.*].

## II. Discussion

### A. Whether Mr. Miller filed this habeas petition in time under the law

An application for a writ of habeas corpus must be filed within one year of the later of:

- (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
- (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
- (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
- (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1) (a provision of the Antiterrorism and Effective Death Penalty Act ("AEDPA")). "The limitations period generally runs from the date on which the state judgment became final after direct appeal[,]" *Preston v. Gibson*, 234 F.3d 1118, 1120 (10th Cir. 2000), unless the petitioner alleges facts implicating sections (B), (C), or (D). Here, the relevant one-year limitation period is section (A).

The Report and Recommendation concludes that unless there is "tolling," or an extension of the deadlines, Mr. Miller's habeas statute of limitations expired on June 23, 2015. [Doc. No. 6 at 4]. The Court agrees. In his objection, Mr. Miller appears to acknowledge that his petition was not filed in time. [Doc. No. 7 at 3 ("I'm humbly asking you and the Honorable Court to forgive me for having no knowledge of the law and running out of time.")].

Mr. Miller's judgment of conviction and sentencing occurred on June 12, 2014. [Doc. No. 1 ¶ 2(b)]. "In Oklahoma, if a defendant's conviction is based on a guilty plea, he may pursue an appeal to the OCCA only by a petition for a writ of certiorari." *Clayton v. Jones*, 700 F.3d 435, 441 (10th Cir. 2012). But before that, he must first "file an application in the trial court to withdraw his plea within ten days of the judgment and sentence, with a request for an evidentiary hearing." *Id.* (citing Okla. R. Crim. App. 4.2(A)). Mr. Miller did not timely file a motion to withdraw his plea, meaning his conviction became final ten days after sentencing, or on June 23, 2014.[3] *See id*; *see also Jones v. Patton*, 619 F. App'x 676, 678 (10th Cir. 2015) (unpublished) (citing 22 Okla. Stat. § 1051 and Okla. R. Crim. App. 4.2). 28 U.S.C. § 2244(d)(1) requires that Mr. Miller had to file his application within one year of that date.

For AEDPA cases like this one, when the deadline is counted in years, the Tenth Circuit has adopted the "anniversary method," which simply adds the number of years to the triggering date. *United States v. Hurst*, 322 F.3d 1256, 1261 (10th Cir. 2003) (rejecting "calendar-year method" and adopting "anniversary method"). Under the

---

[3] The Report and Recommendation accounts for an extra day because "the tenth day fell on a Sunday," citing 12 Okla. Stat. § 2006 (applying to civil cases) instead of Okla. R. Crim. App. 1.5 ("When any filing deadline falls on a day when the Clerk's office is closed, the filing due date will be on the next day that the Clerk's office is open for the performance of public business."). "The Oklahoma Pleading Code, by its own terms, is not intended to be applicable to criminal cases," which Mr. Miller's case was at the time. *See Pitts v. State*, 2003 OK CR 21, ¶ 9, 78 P.3d 551, 554. However, June 23, 2014 is still the date that Mr. Miller's conviction became final by operation of Okla. R. Crim. App. 1.4 (emphasis added): "In computing a time limit prescribed in these Rules, the first day [i.e., June 12, 2014] shall be *excluded* and the last *included* [i.e., June 23, 2014] to complete the time period."

anniversary method, Mr. Miller had until June 23, 2015 to file this habeas petition. *See id*. Mr. Miller did not file this habeas petition by June 23, 2015, meaning his limitations period expired almost five years before he filed this petition on March 25, 2020.

**B.   Whether the time to file is extended or "tolled" in this case**

The Report and Recommendation also determined that no tolling applies in this case. The Court agrees.

*(1) Statutory tolling*

Petitioners might be entitled to "statutory tolling" under the plain terms of the applicable statute, 28 U.S.C. § 2244(d)(2).[4] However, "[o]nly state petitions for post-conviction relief filed within the one year allowed by AEDPA will toll the statute of limitations." *Clark v. Oklahoma*, 468 F.3d 711, 714 (10th Cir. 2006). As the Report and Recommendation determined, statutory tolling is not applicable because Mr. Miller filed the petition for post-conviction relief in state court on November 24, 2015—after the expiration of AEDPA's one-year period on June 23, 2015 [*see* Doc. No. 1 ¶ 11(a); Doc. No. 6 at 4–5]. *See Clark*, 468 F.3d at 714; *Fisher v. Gibson*, 262 F.3d 1135, 1143 (10th Cir. 2001) (statutory tolling not applicable if petition for post-conviction relief is filed after limitations period); *see also Hubler v. Ortiz*, 190 F. App'x 727, 729 (10th Cir. 2006) (unpublished) ("But a petition for post-conviction relief filed in state court after the limitations period has expired no longer serves to toll it."). Under Tenth Circuit case law,

---

[4] This statute states that "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection." 28 U.S.C. § 2244(d)(2).

Case 5:20-cv-00269-JD   Document 11   Filed 01/04/21   Page 6 of 8

Mr. Miller is not entitled to statutory tolling of the AEDPA limitations period.

### *(2) Equitable tolling*

To obtain equitable tolling, the petitioner must show "'(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing" of his federal habeas petition. *Holland v. Florida*, 560 U.S. 631, 649 (2010) (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)). This is a "'strong burden'" that requires the petitioner "'to show specific facts to support his claim of extraordinary circumstances and due diligence.'" *Yang v. Archuleta*, 525 F.3d 925, 928 (10th Cir. 2008) (quoting *Brown v. Barrow*, 512 F.3d 1304, 1307 (11th Cir. 2008)). Examples of the "rare and exceptional circumstances" for equitable tolling include "when a prisoner is actually innocent, when an adversary's conduct—or other uncontrollable circumstances—prevents a prisoner from timely filing, or when a prisoner actively pursues judicial remedies but files a defective pleading during the statutory period." *Gibson v. Klinger*, 232 F.3d 799, 808 (10th Cir. 2000) (internal quotation marks and citations omitted). "Simple excusable neglect is not sufficient. . . . [A] petitioner must diligently pursue his federal habeas claims; a claim of insufficient access to relevant law, such as AEDPA, is not enough to support equitable tolling." *Id.* (citing *Irwin v. Dep't of Veterans Affairs*, 498 U.S. 89, 96 (1990), and *Miller v. Marr*, 141 F.3d 976, 978 (10th Cir. 1998)).

Mr. Miller explains in his objection that he has "no knowledge of the law" and this explains why he failed to file his petition within the limitations period. [Doc. No. 7 at 3]. But this Court must follow the Tenth Circuit, and the Tenth Circuit has already

determined in virtually all similar cases that "ignorance of the law, even for an incarcerated pro se petitioner, generally does not excuse prompt filing." *Marsh v. Soares*, 223 F.3d 1217, 1220 (10th Cir. 2000) (internal quotation marks omitted) (citing *Smith v. McGinnis*, 208 F.3d 13, 18 (2d Cir. 2000) (petitioner's pro se status does not warrant equitable tolling)); *Miller*, 141 F.3d at 978 (equitable tolling not justified by fact that petitioner simply did not know about AEDPA time limitation)); *Del Rantz v. Hartley*, 577 F. App'x 805, 810–11 (10th Cir. 2014) (unpublished) (discussing when mental capacity and medications warrant equitable tolling). Accordingly, equitable tolling of the AEDPA deadline is also not applicable in this case.

### III.   Appealability

Under Rule 11(a) of the Rules Governing Section 2254 Cases in the United States District Courts, "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." To obtain a certificate of appealability, Mr. Miller must make "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Mr. Miller can satisfy this standard by demonstrating that jurists of reason could debate whether the petition should have been resolved in a different manner or that the issues presented are adequate to deserve encouragement to proceed further. *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (internal quotation marks and citation omitted). After considering this Order, the Report and Recommendation, and the record, the Court finds that reasonable jurists could not debate the Court's determinations that Mr. Miller's habeas petition is untimely under § 2244(d)(1)(A) and that he is not entitled

to statutory or equitable tolling. Because Mr. Miller cannot make the required showing, the Court declines to issue a certificate of appealability.

## IV. Conclusion

Accordingly, the Court ACCEPTS the Report and Recommendation issued by United States Magistrate Judge Shon T. Erwin [Doc. No. 6], and DISMISSES Mr. Miller's § 2254 action as untimely. The Court DENIES a certificate of appealability.

**IT IS SO ORDERED** this 4th day of January 2021.

JODI W. DISHMAN
UNITED STATES DISTRICT JUDGE